DAVID LOPEZ, ESQ.  DL-6779
Lead Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:	631.287.5520
Fax:	631.283.4735
e-Mail:	DavidLopezEsq@aol.com

JAMES A. HUNTER, ESQ. JH-1910
Attorney for Plaintiff
42 Stagecoach Road
Pipersville, Pennsylvania 18947
Tel:	484.437.5935
Fax:	646.462.3356
e-Mail:	Hunter@HunterKmiec.com

MIRIAM TAUBER, ESQ. MT-1979
Attorney for Plaintiff
885 Park Avenue, # 2A
New York, New York 10075
Tel:	323.790.4881
e-Mail:	MiriamTauberLaw@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **DEBORAH DONOGHUE,** | CASE No. 21-7182 |
| **Plaintiff,** | |
| -Against- | **COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. SEC. 78p(b)** |
| **Y-mAbs THERAPEUTICS, INC.,** | **[SECTION 16(b) OF THE SECURITIES EXCHANGE ACT OF 1934, AS AMENDED]** |
| **Nominal Defendant,** | |
| **THOMAS GAD,** | **Jury Trial Demanded** |
| **Defendant.** | |

**THE PLAINTIFF**, by her attorneys above named, complaining of the defendants respectfully alleges the following upon information and belief except as to paragraph 2 which plaintiff alleges on personal knowledge:

1

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the ACT, 15 U.S.C. § 78aa.

**THE PARTIES AND VENUE:**

2. Plaintiff is a security owner of Y-mAbs THERAPEUTICS, INC. ("Y-mAbs"), a Delaware Corporation with principal offices at 230 Park Avenue, Suite 3350, New York, New York 10169.

3. At all times relevant the common stock of Y-mAbs was registered under Section 12(b) of the ACT and was and is traded on the NASDAQ Global Markets, a national securities exchange located within this district.

4. One or more of the sale transactions to be recited herein were conducted through the facilities of the NASDAQ Global Markets.

5. This action is brought in the right and for the benefit of Y-mAbs which is named as a nominal party defendant solely in order to have all necessary parties before the court.

6. Thomas Gad ("GAD") is a natural person with principal offices c/o Y-mAbs Therapeutics, Inc., 230 Park Avenue, Suite 3350, New York, New York 10169.

7. At all times relevant GAD was an officer and director of Y-mAbs and thereby a so-called 'insider' as that term is understood within the meaning of Section 16(b) of the ACT.

8. GAD sold no fewer than 249,569 shares of Y-mAbs common stock between the less-than-six-months prior, and the less-than-six-months after March 10, 2021, through the facilities of the NASDAQ Global Markets or through dark pools and other market facilities located within the district.

**STATUTORY REQUISITES:**

9. The violations of Section 16(b) of the ACT to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the ACT.

10. Demand for prosecution was made on Y-mAbs on June 8, 2021, and on August 6, 2021. More than 60 days have passed since the first of these demands and there has been no response. Further delay by the Plaintiff in the initiation of suit would be a futile gesture.

11. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

12. All that has been pled before is realleged.

13. On or about March 10, 2021, GAD purchased 1,029,927 shares of the common stock of Y-mAbs in a private purchase from WG Biotech Abs in which he had an 18.70% ownership stake in the form of 20,565 of WG Biotech Abs shares prior to the purchase.

14 GAD paid for his purchase of the Y-mAbs shares by surrendering his entire ownership stake in WB Biotech Abs.

15. The fair market value of the Y-mAbs shares at the time of their purchase by GAD was $35.30 per share.

16. Within less than six months before and less than six months after March 10, 2021, GAD made numerous open market sales of an aggregate of 249,569 shares, more or less, of Y-mAbs common stock at higher prices than he paid for the purchase of shares of the same class on March 10, 2021.

17. Short-swing profits were realized by GAD as a result of the purchases and sales within periods of less than six months described in paragraphs 13 through 16, *supra*. Their precise amounts are unknown to Plaintiff pending discovery, and possibly appraisal but they are estimated at not less than $2,543,000.

**SECOND CLAIM FOR RELIEF:**

18. All that has been pled before is realleged.

19. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

20. GAD, at times not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of Y-mAbs within periods of less than six months of each other while an officer and director of Y-mAbs, including but not limited to the transactions pleaded in the First Claim For Relief.

21. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of Y-mAbs, GAD realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of Y-mAbs.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring GAD to account for and to pay over to Y-mAbs the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including fair and reasonable attorneys', accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
          August 25, 2021

                                              Yours, etc.

  */s/ Miriam Tauber*                                */s/ David Lopez*
Miriam Tauber, Esq.                                David Lopez, Esq.

  */s/ James A. Hunter*
James A. Hunter, Esq.