**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBORAH DONOGHUE,**                                            :
                                                                 :
         Plaintiff,      :
                                                                 :
    - against -                                   :
                                                                 :
                                                                 :
**THOMAS GAD,**                                                  :
                                                                 :   Case No. 21-CV-7182 (KPF)
         Defendant,      :
                                                                 :
    - and –                                       :
                                                                 :
                                                                 :
**Y-mAbs THERAPEUTICS, INC.,**                                   :
                                                                 :
        Nominal defendant.     :
                                                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

HON. KATHERINE POLK FAILLA, U.S.D.J.:

WHEREAS, the parties to this action having requested that the Court issue a protective order to protect the confidentiality of personal, financial and proprietary information that may need to be disclosed to adversary parties in connection with discovery in this case pursuant to the Federal Rules of Civil Procedure and otherwise;

WHEREAS, the parties having agreed to the following terms; and

WHEREAS, the Court having found that good cause exists for issuance of an appropriately tailored protective order governing the pre-trial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Protective Order – including, without limitation, the parties to this action and their respective corporate parents, successors and assigns and their representatives, agents, experts and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – will adhere to the following terms:

1.        Any material (which includes all items or information, regardless of the medium or manner in which they are generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery or requests in this matter) supplied during the course of this litigation ("Discovery Material") that the disclosing party or entity (including parties and non-parties to this litigation) reasonably and in good faith believes to constitute or include confidential personal, financial or investment information, medical records, personnel records, or such other sensitive commercial information that is not publicly available (hereinafter, the "Protected Material") – including Protected Material supplied to the Court and/or the parties to this litigation by any disclosing party or entity prior to the entry of this Protective Order – may be designated "Confidential" at the disclosing party's or entity's election.

2.        The Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3.        The protections conferred by this Protective Order cover not only the Protected Materials designated "Confidential," but also (a) any information copied or extracted from the Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony or presentations regarding the Protected Material by any party or non-party.

4.        The designation "Confidential" does not mean that the document has any status or protection by statute or otherwise except to the extent and for purposes of this Protective Order.

5.        Unless ordered by the Court or otherwise provided for herein, all Discovery Material, including but not limited to the Protected Material disclosed, will be held and used by the person receiving such information solely for use in connection with this action and for no other

purpose.  The documents and testimony shall not be disclosed to the media, posted on the Internet

or otherwise made public or used for any business, commercial, or other purpose not connected to

this litigation.

6.       Nothing in this Protective Order operates to create an admission by any party that

Protected Material disclosed in this case is relevant or admissible.  Each party specifically reserves

the right to object to the use or admissibility of all Protected Material disclosed, in accordance with

applicable law and Court rules.

7.       With respect to the Confidential portion of any Protected Material other than

deposition transcripts and exhibits, the producing person or that person's counsel may designate

such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the

protected portion in a manner that will not interfere with legibility or audibility.  With respect to

deposition or other transcripts, video recordings and exhibits, a producing person or that person's

counsel may indicate on the record, at the time of a question, or in writing within 14 days following

receipt of the final transcript or recording, that the testimony or certain questions call for the

production of Confidential Information, in which case those portions of the transcript or recording

of the designated testimony shall be marked "CONFIDENTIAL INFORMATION GOVERNED

BY PROTECTIVE ORDER" by the reporter at the appropriate time.

8.       If at any time prior to the trial of this action, a producing person realizes that some

portion of Protected Material that that person previously produced should be designated as

Confidential, he or she may so designate such material by so apprising all parties in writing, and

such designated portions of the Protected Material will thereafter be treated as Confidential under

the terms of this Protective Order.  The producing person shall be responsible for furnishing all

parties with new copies of the Protected Material stamped or otherwise clearly marked as "Confidential" in accordance with Section 7 above.

9.      No person subject to this Protective Order other than the producing person shall disclose any of the Protected Material designated by the producing person as Confidential to any other person whomsoever, except to:

a.      The parties to this action and employees of the parties;

b.      Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

c.      As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.      Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

e.      Any person retained by a party to serve as an expert witness, consultant, or investigator (including support personnel working with such individuals, if any) employed by the parties or counsel for the parties to assist in the preparation and trial of this action or otherwise to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

f.      Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

g.      Court reporters, stenographers, and video technicians engaged to transcribe or record depositions conducted in this action; and

h.      This Court and its personnel.

10.     Prior to any disclosure of any Protected Material to any person referred to in subparagraphs 9(d) or 9(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed hereto stating

that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.     Notwithstanding the designation of material as "Confidential," there is no presumption that such Protected Material will be filed with the Court under seal. To the extent necessary, the Parties agree to follow Rule 9 of Judge Failla's Individual Practices in all respects including, without limitation, to request that any document be filed under seal.  Any party or person wishing or required to make redacted submissions shall comply with Rule 9 of this Court's Individual Practices.

12.     Any party or producing person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person or party requesting production a written notice stating with particularity the grounds of the objection or request, or make production under a designation that limits disclosure and/or transmission of produced documents.  If agreement cannot be reached promptly, counsel for all affected persons will send a letter to the Court.  Nothing in this Protective Order or any action or agreement of a party or person under this Protective Order limits the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

13.     If a party intends to present at trial Protected Material that has been designated as Confidential or information derived therefrom, the documents or testimony may be presented in open court at trial unless the party or producing person received an order from the Court preventing such use.

14.     Each person who has access to Protected Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  In the event of an inadvertent disclosure of Protected Material, the disclosing party and/or its counsel shall use reasonable efforts to secure the return or destruction of the inadvertently produced Protected Material.

15.     Unless otherwise agreed or ordered, this Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including appeals, if any, all Protected Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notation, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing person that it has done so.  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to the producing person or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

16.     Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated Confidential, so long as that work product does not duplicate verbatim sequential portions of the text or images of Confidential documents.  This work product shall continue to be Confidential under this Protective Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Confidential documents.

17.     This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce or modify any obligations arising hereunder or to impose sanctions for any contempt thereof.

18.     Applications to amend or modify this Protective Order may be made by the parties or any other persons with standing concerning the subject matter as may be warranted.

19.     The Court retains discretion whether to afford confidential treatment to any document or information contained in any document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

```
This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any time.
The Court will retain jurisdiction over the terms and conditions
of this agreement only for the pendency of this litigation.  Any
party wishing to make redacted or sealed submissions shall comply
with Rule 9 of this Court's Individual Rules of Civil Procedure.
```

```
Dated:     October 3, 2022              SO ORDERED.
           New York, New York
```

*Katherine Polk Failla*

```
           HON. KATHERINE POLK FAILLA
           UNITED STATES DISTRICT JUDGE
```

## ATTORNEYS' SIGNATURES

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**LAW OFFICES OF DAVID LOPEZ**

By:_____
          David Lopez

171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Telephone: (631) 287-5520

Attorneys for Plaintiff
    DEBORAH DONOGHUE

**JAMES A. HUNTER, ESQ.**

By:_____
          James A. Hunter

42 Stagecoach Road
Pipersville, Pennsylvania 18947
Telephone: (484) 437-5935

Attorneys for Plaintiff
    DEBORAH DONOGHUE

**DUANE MORRIS LLP**

By:_____
          Michael H. Gibson

230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200

Attorneys for Nominal Defendant
    Y-mAbs THERAPEUTICS, INC.

**MIRIAM TAUBER LAW PLLC**

By:_____
          Miriam Tauber

885 Park Avenue, #2A
New York, New York 10075
Telephone: (323) 790-4881

Attorneys for Plaintiff
    DEBORAH DONOGHUE

**KLEINBERG, KAPLAN,**
**  WOLFF & COHEN, P.C.**

By:_____
          Marc R. Rosen
          Alisa Benintendi

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000

Attorneys for Defendant
    THOMAS GAD

## ATTORNEYS' SIGNATURES

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**LAW OFFICES OF DAVID LOPEZ**          **MIRIAM TAUBER LAW PLLC**

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿           By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
           David Lopez                                  Miriam Tauber

171 Edge of Woods Road                  885 Park Avenue, #2A
P.O. Box 323                            New York, New York 10075
Southampton, New York 11969-0323        Telephone:  (323) 790-4881
Telephone:  (631) 287-5520

Attorneys for Plaintiff                 Attorneys for Plaintiff
    DEBORAH DONOGHUE                       DEBORAH DONOGHUE

**JAMES A. HUNTER, ESQ.**                **KLEINBERG, KAPLAN,**
    **WOLFF & COHEN, P.C.**

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿           By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
        James A. Hunter                          Marc R. Rosen
                           Alisa Benintendi

42 Stagecoach Road
Pipersville, Pennsylvania  18947        500 Fifth Avenue
Telephone:  (484) 437-5935              New York, New York 10110
                                    Telephone: (212) 986-6000

Attorneys for Plaintiff
    DEBORAH DONOGHUE                   Attorneys for Defendant
                                    THOMAS GAD

**DUANE MORRIS LLP**

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
        Michael H. Gibson

230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200

Attorneys for Nominal Defendant
    Y-mAbs THERAPEUTICS, INC.

## ATTORNEYS' SIGNATURES

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**LAW OFFICES OF DAVID LOPEZ**

By:_____
David Lopez

171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Telephone:  (631) 287-5520

Attorneys for Plaintiff
    DEBORAH DONOGHUE

**JAMES A. HUNTER, ESQ.**

By:_____
James A. Hunter

42 Stagecoach Road
Pipersville, Pennsylvania 18947
Telephone: (484) 437-5935

Attorneys for Plaintiff
    DEBORAH DONOGHUE

**DUANE MORRIS LLP**

By:_____
Michael H. Gibson

230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200

Attorneys for Nominal Defendant
    Y-mAbs THERAPEUTICS, INC.

**MIRIAM TAUBER LAW PLLC**

By:_____
Miriam Tauber

885 Park Avenue, #2A
New York, New York 10075
Telephone:  (323) 790-4881

Attorneys for Plaintiff
    DEBORAH DONOGHUE

**KLEINBERG, KAPLAN,
WOLFF & COHEN, P.C.**

By:_____
Marc R. Rosen
Alisa Benintendi

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000

Attorneys for Defendant
    THOMAS GAD