UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

DEBORAH DONOGHUE,

          Plaintiff,

    -v.-

Y-MABS THERAPEUTICS, INC.,

          Nominal Defendant,

    -and-

THOMAS GAD,

          Defendant,

21 Civ. 7182 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    Deborah Donoghue initiated this shareholder action against Thomas Gad on August 25, 2021, on behalf of nominal defendant Y-mAbs Therapeutics, Inc. (Dkt. #1). On September 21, 2021, Plaintiff's counsel filed a suggestion of death notifying the Court that Ms. Donoghue passed away during the pendency of this litigation. (Dkt. #43). A motion to substitute Dennis Donoghue, Ms. Donoghue's spouse and the Administrator with Limitations of her non-probate estate, as plaintiff in this action, followed on November 7, 2022. (Dkt. #53). Neither Gad nor Y-mAbs Therapeutics, Inc. opposes the motion. (Dkt. #56). For the reasons that follow, the motion to substitute is GRANTED.

## DISCUSSION

**A.     Applicable Law**

Federal Rule of Civil Procedure 25(a)(1) governs motions for substitution based on the death of a party. It provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). To succeed on a motion for substitution, the movant must establish that: "(i) the motion is timely; (ii) the movant's claims have not been extinguished by the death; and (iii) the movant proposed a proper party for substitution." *Adler* v. *Bank of Am., N.A.*, No. 13 Civ. 4866 (VB), 2015 WL 2330171, at *1 (S.D.N.Y. Mar. 24, 2015).

**B.     Analysis**

Mr. Donoghue's submissions satisfy all three requirements of Rule 25(a)(1). *First*, his motion is timely. Plaintiff's counsel advised the Court of Ms. Donoghue's passing on September 21, 2022. (Dkt. 43). The instant motion was filed on November 7, 2022, (Dkt. #53), well within the 90-day window permitted by the Rule. *Second*, Ms. Donoghue's claims were not extinguished by her death. "An action under Section 16(b) of the [Securities Exchange] Act, for the recovery of insider profits, may survive the death of a party." *Morales* v. *CT Holdings, Inc.*, No. 01 Civ. 1303 (KMW) (KNF), 2011 WL 1329117, at *2 (S.D.N.Y. Oct. 29, 2001) (citing *Stull* v. *Green*, No. 69 Civ. 440 (MEL), 1971 WL

259, at *4 (S.D.N.Y. Apr. 20, 1971)). *And finally*, as Administrator of Ms. Donoghue's estate, Mr. Donoghue is a proper party for substitution. *See Adler*, 2015 WL 2330171, at *2 ("A proper party for substitution is either a representative of the deceased party's estate or a successor of the deceased party." (quotation omitted)); *see also* Dkt. #55-2, 55-3 (Westchester County Surrogate's Court documents appointing Mr. Donoghue administrator).

Because all three conditions are met, Plaintiff's motion to substitute is GRANTED. *See Savior* v. *Bastedo,* 623 F.2d 230, 237 (2d Cir.1980) ("[I]t is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased plaintiff made within the rule's time limits."). The Clerk of Court is directed to terminate the motion at docket entry 53 and to substitute Mr. Donoghue as Plaintiff in this action.

SO ORDERED.

Dated:   November 17, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge