UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>                     Plaintiff,<br><br>              -v.-<br><br>Y-MABS THERAPEUTICS, INC.,<br><br>              Nominal Defendant,<br><br>            -and-<br><br>THOMAS GAD,<br><br>                     Defendant, | 21 Civ. 7182 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of an application from Kleinberg, Kaplan, Wolff, and Cohen, P.C. ("KKWC") to withdraw as counsel for Defendant Gad. (Dkt. #82-84). The Court is also in receipt of Plaintiff's motion for an extension of time to file his opening summary judgment motion, which is due today, in light of Mr. Gad's representation issue. (Dkt. #85). Both applications are GRANTED.

    Per Local Civil Rule 1.4:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

In deciding motions to withdraw, district courts consider both the reason for withdrawal and the impact of the withdrawal on the timing of the proceeding. *De Jesus Rosario* v. *Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 10 (S.D.N.Y. 2020). Ultimately, the decision to permit counsel to withdraw is within the Court's discretion. *Id.*

All factors weigh in favor of permitting KKWC to withdraw. KKWC avers that Mr. Gad has failed to pay his legal fees for the past nine months and currently owes the firm more than $275,000 for its services. (Rosen Decl. ¶¶ 5, 8 (Dkt. #84). "[N]on-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *Milltex Grp. Inc.* v. *Gossard & Berlei Ltd.*, 15 Civ. 10002 (RA), 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017). And although some delay is the inevitable result of granting a motion to withdraw, delay will not be unduly prejudicial in this case because discovery is complete and summary judgment briefing has not yet begun. Accordingly, the Court permits KKWC to withdraw from the case.

Mr. Gad shall have until **August 22, 2023** to obtain new counsel. If new counsel does not enter a notice of appearance within that 60-day period, Mr. Gad may proceed pro se. Plaintiff is ORDERED to file a letter proposing a new briefing schedule for the parties' anticipated cross-motions for summary judgment within 14 days of Mr. Gad's new counsel entering a notice of appearance. Plaintiff shall consult with opposing counsel about that schedule prior to filing such letter.

The Clerk of Court is further directed to terminate Marc Rosen and Alisa Benintendi from the docket as counsel for Mr. Gad. The Clerk of Court is further directed to terminate the motion at docket entry 85.

SO ORDERED.

Dated: June 23, 2023
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge