**MANDATE**

24-2321-cv
Donoghue v. Gad

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED  8/4/2025

1:21-cv-07182-KPF

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty-five.

PRESENT:   AMALYA L. KEARSE,
                       DENNIS JACOBS,
                       RAYMOND J. LOHIER, JR.,
                               *Circuit Judges*.

-------------------------------------------------------------------

DENNIS J. DONOGHUE,

   *Plaintiff-Appellant*,

DEBORAH DONOGHUE,

   *Plaintiff*,

  v.           No. 24-2321-cv

THOMAS GAD,

**MANDATE ISSUED ON 08/04/2025**

*Defendant-Appellee,*

Y-MABS THERAPEUTICS, INC.,

*Nominal-Defendant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:                    MIRIAM TAUBER, Miriam Tauber
                                            Law PLLC, New York, NY
                                            (David Lopez, Law Office of
                                            David Lopez, Southampton,
                                            NY, *on the brief*)

FOR DEFENDANT-APPELLEE:                     SEAN T. PROSSER, Mintz, Levin,
                                            Cohn, Ferris, Glovsky and
                                            Popeo, P.C., San Diego, CA
                                            (Jacob H. Hupart, Amanda B.
                                            Asaro, Mintz, Levin, Cohn,
                                            Ferris, Glovsky and Popeo, P.C.,
                                            New York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the

Southern District of New York (Katherine Polk Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Dennis Donoghue appeals from an August 5, 2024

judgment of the United States District Court for the Southern District of New

York (Failla, *J.*) denying his motion for summary judgment and awarding

summary judgment in favor of Defendant-Appellee Thomas Gad in this short-

2

swing-profit action under Section 16(b) of the Securities Exchange Act of 1934

(the "Exchange Act"), 15 U.S.C. § 78p(b).   We assume the parties' familiarity

with the underlying facts and the record of prior proceedings, to which we refer

only as necessary to explain our decision to affirm.

Donoghue is a shareholder of Y-mAbs Therapeutics, Inc. ("Y-mAbs"), a

biotech company founded by Gad that focuses on antibody-based cancer

treatments.   Gad, through his wholly-owned company GAD Enterprises, LLC,

invested in WG Biotech ApS ("WG Biotech"), an investment vehicle majority-

owned by Gad's friend Johann Wedell-Wedellsborg and formed solely to hold Y-

mAbs shares.   In March 2021 GAD Enterprises and WG Biotech entered into an

agreement under which GAD Enterprises would convey 20,565 shares of WG

Biotech to WG Biotech in exchange for 1,029,927 shares of the common stock of

Y-mAbs (the "March 2021 Transaction").   Donoghue alleges that at the time of

the exchange, the fair market value of Y-mAbs common stock was $35.30 per

share.   He further alleges that in the six-month period prior to and following the

March 2021 Transaction, Gad sold 212,000 shares of Y-mAbs common stock,

realizing over $2.5 million in short-swing profits.

The District Court awarded summary judgment in Gad's favor on two

3

independent grounds.   First, the District Court ruled that the March 2021

Transaction did not constitute a "purchase" within the meaning of Section 16(b),

which "imposes a form of strict liability," *Packer v. Raging Cap. Mgmt., LLC*, 981

F.3d 148, 154 (2d Cir. 2020) (quotation marks omitted), and requires that a

plaintiff "plead and prove that (1) an insider (2) has made a purchase and (3) a

sale (4) within a six-month period (5) of substantively identical equity securities

(6) and thereby realized a profit," *Roth v. LAL Family Corp.*, 138 F.4th 696, 702 (2d

Cir. 2025).   Second, the District Court ruled that even if the March 2021

Transaction qualified as a purchase, it is exempt from liability under Securities

and Exchange Commission Rule 16a-13, which exempts from Section 16(b)

liability any acquisition "that effects only a change in the form of beneficial

ownership without changing a person's pecuniary interest in the subject equity

securities."   17 C.F.R. § 240.16a-13.   Because we agree with the District Court

that, under the unique circumstances presented here, the March 2021 Transaction

was not a "purchase" under Section 16(b), we affirm on that ground alone.

The Exchange Act defines "purchases . . . broadly."   *Huppe v. WPCS Int'l*

*Inc.*, 670 F.3d 214, 218 (2d Cir. 2012) (quotation marks omitted); *see* 15 U.S.C.

§ 78c(a)(13) (defining "purchase" to "include any contract to buy, purchase, or

4

otherwise acquire").   The March 2021 Transaction effectively transferred to Gad specific Y-mAbs shares that, under WG Biotech's Shareholders' Agreement, were previously attributed to Gad.   Under these circumstances, we conclude that Donoghue has presented a "novel theory of insider purchasing," *At Home Corp. v. Cox Commc'ns, Inc.*, 446 F.3d 403, 408 (2d Cir. 2006), where it is not clear if the March 2021 Transaction is a "purchase."   We therefore determine whether the transaction constitutes a "purchase" by considering the "'congressional purpose of curbing short-swing speculation by corporate insiders.'"   *Olagues v. Perceptive Advisors LLC*, 902 F.3d 121, 128 (2d Cir. 2018) (quoting *Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 424–25 (1972)); *see Steel Partners II, L.P. v. Bell Indus., Inc.*, 315 F.3d 120, 124 (2d Cir. 2002).

We agree with the District Court that, given the specific (and what we understand to be somewhat unusual) circumstances of this case, Gad's insider status did not give him the opportunity to "manipulate[] the terms of the March 2021 Transaction, at the time of the settlement of the transaction, to be more favorable to him." *Donoghue v. Y-mAbs Therapeutics, Inc.*, No. 21-CV-7182, 2024 WL 3675716, at *12 (S.D.N.Y. Aug. 5, 2024).   Gad is not alleged to have set the terms of the March 2021 Transaction, which were materially identical to an

5

earlier July 2019 transaction in which Wedell-Wedellsborg caused other minority shareholders in WG Biotech to exchange their shares for the shares of Y-mAbs common stock attributed to them.   Because the March 2021 Transaction was conducted according to these same terms nearly two years later, it could not "serve as a vehicle for the evil which Congress sought to prevent—the realization of short-swing profits based upon access to inside information."   *Kern Cnty. Land Co. v. Occidental Petroleum Corp.*, 411 U.S. 582, 594–95 (1973); *see Gibbons v. Malone*, 703 F.3d 595, 601 (2d Cir. 2013).   For these reasons, we are persuaded that the March 2021 Transaction was not a "purchase" under Section 16(b).

## CONCLUSION

We have considered Donoghue's remaining arguments and determined that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

Catherine O'Hagan Wolfe

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

Catherine O'Hagan Wolfe